IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DEEP, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-831 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| TREVOR WINGARD; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) | Re: ECF Nos. 10; 12 |
|     Respondents. | ) | |

**ORDER**

Michael Deep ("Petitioner") has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254 (the "Petition"). The Respondents, rather than filing an Answer, filed a Motion to Dismiss, ECF No. 10, asserting that the Petition should be dismissed without prejudice due to Petitioner having an appeal of his Post Conviction Relief Act ("PCRA") Petition currently pending in the Pennsylvania Superior Court. In their Motion to Dismiss the Respondents do not provide the docket number of the pending appeal in the Pennsylvania Superior Court upon which they base their request for dismissal. However, it appears that the pending appeal that they were referring to was Commonwealth v. Michael George Deep, No. 1280 WDA 2014 (Pa. Super. Notice of Appeal filed 8/8/2014) (hereinafter "the First Appeal").[1] See ECF No. 10 at ¶ 3.n. (asserting that Petitioner's "appeal is pending to date" *i.e.*, pending as of August 14, 2014, when the Respondents' Motion to Dismiss was filed). However, the Court takes judicial notice of the fact that the First Appeal ceased to be pending as

---

[1] The dockets of the Superior Court for Commonwealth v. Michael George Deep, No. 1280 WDA 2014 are available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1280+WDA+2014

(site last visited 3/3/2015).

of September 17, 2014, when Petitioner filed a praecipe to discontinue the First Appeal and the First Appeal was closed as of that date.

Even though the First Appeal, upon which the Respondents' Motion to Dismiss was based, is no longer pending, we take judicial notice of the fact that the Petitioner filed another appeal concerning the same conviction that was both the subject of the First Appeal and the subject of this habeas Petition. The second appeal is <u>Commonwealth v. Michael George Deep</u>, No. 2025 WDA 2014 (Pa. Super. Notice of Appeal filed 12/15/2014) (hereinafter, the "Second Appeal").[2] The Second Appeal is currently pending in the Pennsylvania Superior Court.

Petitioner filed a Response to the Respondents' Motion to Dismiss, opposing dismissal of the Petition. ECF No. 11. Subsequently, Petitioner also filed a "Motion to Postpone Habeas Corpus Proceedings Until Exhaustion of Newly Discovered Evidence Claims in State Court" (the "Motion to Stay"). ECF No. 12. In the Motion to Stay, Petitioner argued that he has a currently pending appeal in the Pennsylvania Superior Court, *i.e.*, the Second Appeal, and he wishes to exhaust his state court remedies. Even though the Court ordered the Respondents to file a Response to Petitioner's Motion to Stay by February 18, 2015, no such Response was filed.

Therefore, Respondents' Motion to Dismiss, ECF No. 10, is hereby **DENIED**. Dismissal of the currently pending Petition, even if without prejudice, could jeopardize the timeliness of any later filed habeas Petition in this Court. In order to avoid such a potential pitfall for Petitioner, the Motion to Dismiss is **DENIED**. <u>See</u>, e.g., <u>Crews v. Horn</u>, 360 F.3d 146, 149 – 50

---

[2] The dockets of the Superior Court for <u>Commonwealth v. Michael George Deep</u>, No. 2025 WDA 2014 are available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=2025+WDA+2014

(site last visited 3/3/2015).

(3d Cir. 2004) ("in view of the time limitations imposed by the AEDPA, where outright dismissal 'could jeopardize the timeliness of a collateral attack,' a district court would abuse that discretion if it were not to offer to the petitioner the opportunity of staying, rather than dismissing, the petition.").

Instead, the Court hereby **GRANTS** Petitioner's Motion to Stay, ECF No. 12, and the Petition is hereby STAYED pending complete exhaustion of Petitioner's state court remedies. Rhines v. Weber, 544 U.S. 269 (2005) (allowing a stay and abeyance of a habeas petition in order to permit a petitioner to exhaust state court remedies). The parties are ORDERED to notify this Court in writing no later than 45 days after the Pennsylvania Superior Court has issued its decision in Commonwealth v. Michael George Deep, No. 2025 WDA 20914. Upon being notified of the Superior Court's disposition and the filing of any Petition for Allowance of Appeal in the Pennsylvania Supreme Court, this Court will consider lifting the stay at that time, if appropriate.

BY THE COURT,

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date:  March 4, 2015


cc:    All Counsel of Record via CM-ECF

      Michael Deep
      HA-1444
      SCI Laurel Highlands
      5706 Glades Pike
      P.O. Box 631
      Somerset, PA 15501-0631